T.C. Summary Opinion 2002-74

UNITED STATES TAX COURT

AUSTIN EUGENE CHANDLER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13390-00S.                    Filed June 20, 2002.

Austin Eugene Chandler, Jr., pro se.

<u>Lindsey D. Stellwagen</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed. The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority. Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule

references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,543 in petitioner's Federal income tax for the taxable year 1999.[1]  After concessions by respondent,[2] the issue for decision is whether petitioner is entitled to an earned income credit (EIC).

Petitioner resided in Alexandria, Virginia, at the time he filed his petition.

Background

During 1999, the tax year at issue, petitioner lived and worked in New Jersey.  Petitioner's 9-year-old daughter, Kenesha Dudley (Kenesha), lived with her mother, Yonetta Dudley (Ms. Dudley), in Washington, D.C., until May 1999.  In May 1999, Kenesha moved to Alexandria, Virginia, to live with her grandmother, Clarice Chandler (Mrs. Chandler).  On weekends petitioner would travel from New Jersey to Virginia to visit Kenesha.  Petitioner paid Mrs. Chandler $200 per week for room and board for Kenesha and for himself.  Kenesha lived with petitioner in New Jersey when she was on vacation from school.

---

[1]  Petitioner was entitled to a refund of $2,621 in 1999; however, the deficiency resulting from respondent's denial of the claimed EIC reduced the refund to $309.

[2]  Respondent conceded that:  Petitioner is entitled to the claimed dependency exemption deduction; the resolution of petitioner's proper filing status has no income tax consequences and, therefore, is moot; and petitioner may be entitled to an EIC based upon a modified adjusted gross income of $8,589 as an individual with no qualifying children.

Respondent asserts that petitioner is not entitled to the claimed EIC with respect to a qualifying child because during the tax year Kenesha was living in the same household as Mrs. Chandler, whose modified adjusted gross income was greater than petitioner's. A transcript of account for the tax year 1999 reflects Mrs. Chandler's modified gross income of $60,327.

Discussion

The burden of proof is on petitioner. Rule 142(a)(1).[3]

Section 32(a) provides that an "eligible individual" may be allowed an EIC equal to the credit percentage as provided in section 32(b). The term "eligible individual" includes a taxpayer who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i).

A "qualifying child" includes a child who satisfies a relationship test to the taxpayer, has the same principal place of abode as the taxpayer for more than one-half of the taxable year, and has not attained age 19. Sec. 32(c)(3)(A), (B), and (C). The relationship test is satisfied if the qualifying child is a daughter of the taxpayer or a descendant of the taxpayer. Sec. 32(c)(3)(B)(i)(I).

---

[3] Sec. 7491 does not apply to shift the burden of proof to respondent because petitioner has neither alleged that sec. 7491 is applicable nor established that he complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.

The taxpayer must have identified the child on his return under the identification rule of section 32(c)(3)(D) but need not have so identified the child to be an eligible individual with respect to that qualifying child. Sutherland v. Commissioner, T.C. Memo. 2001-8.

Under section 32(c)(1)(C), the so-called tie-breaker rule, if there are two or more eligible individuals who could receive the EIC with respect to the same qualifying child, only the individual with the highest modified adjusted gross income, as defined under section 32(c)(5), for such taxable year shall be treated as the eligible individual with respect to the qualifying child. Sutherland v. Commissioner, supra; Jackson v. Commissioner, T.C. Memo. 1996-54.

The term "eligible individual" also includes an individual without a qualifying child if the individual's principal place of abode is in the United States for more than one-half of the taxable year, the individual has attained age 25 but not age 65, and the individual is not a dependent of another for whom a deduction is allowable under section 151. Sec. 32(c)(1)(A)(ii). An eligible individual without a qualifying child may be eligible for an EIC if the individual earned income or modified adjusted gross income does not exceed the completed phaseout amount, which was $10,200 for the 1999 taxable year. Sec. 32(a), (b), and (c)(1)(A)(ii); Rev. Proc. 98-61, 1998-2 C.B. 811, 814.

Except for temporary absences during vacation from school, Kenesha lived in her grandmother's house in Virginia as of May 1999 and for the remainder of 1999. We find that Kenesha's principal place of abode was Mrs. Chandler's house in Virginia. Although petitioner visited Kenesha in Virginia on weekends, we find that his principal place of abode was in New Jersey. Therefore, petitioner did not have the same principal place of abode as Kenesha for more than one-half of 1999. Sec. 32(c)(3)(A)(ii). Kenesha, therefore, is not a qualifying child with respect to petitioner under section 32(c)(3)(A), and petitioner is not an eligible individual who has a qualifying child under section 32(c)(1)(A)(i). Since petitioner does not meet some of the aforementioned requirements, we need not address the applicability of the tie-breaker rule under section 32(c)(1)(C).

However, petitioner satisfies the residency, age, and dependency requirements of an eligible individual under section 32(c)(1)(A)(ii). Petitioner's 1999 modified adjusted gross income and earned income were $8,589, which is less than the completed phaseout amount for 1999 of $10,200. Sec. 32(b); Rev. Proc. 98-61, 1998-2 C.B. at 814. Therefore, we conclude that petitioner is entitled to an EIC in an amount determined by using the applicable credit percentage for an individual with no qualifying children under section 32(b).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>